UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Strike 3 Holdings, LLC,

                         Plaintiff,

            -against-

John Doe,

                         Defendant.

26-CV-4115 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff's motion for early third-party discovery is GRANTED subject to a protective order. The Court agrees with and adopts the reasoning of prior cases in this district authorizing such discovery subject to protective orders. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693 (S.D.N.Y. Oct. 9, 2019); *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 523–24 (S.D.N.Y. 2019).

Accordingly, it is ORDERED that:

1. Strike 3 may serve a Rule 45 subpoena immediately on Spectrum, the ISP identified in its motion, to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 24.161.113.150. Strike 3 shall not request any additional information, including, but not limited to, email address or telephone number. Strike 3 shall include a copy of this Memorandum Order with the subpoena along with the a "Notice to Defendant" that uses substantially the same language as used by Judge Nathan in *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 523–24 (S.D.N.Y. 2019);

2. Spectrum will have 60 days from the date of service of the subpoena to serve John Doe with a copy of the subpoena, a copy of this Memorandum Order, and a copy of the "Notice to Defendant." Spectrum may serve John Doe using any reasonable means, including written notice sent to his (or her) last known address, transmitted either by first-class mail or via overnight service;

3. John Doe shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. If he (or she) decides to contest the subpoena, he (or she) shall at the same time notify Spectrum so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions;

4. Spectrum shall not turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later. Spectrum shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

5. If neither John Doe nor Spectrum contests the subpoena within the 60-day period, Spectrum shall have 10 days after the expiration of the 60-day period to produce the information responsive to the subpoena to Strike 3; and

6. Any information disclosed to Strike 3 in response to the subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 8.

SO ORDERED.

Dated: June 16, 2026
      New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge